## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed March 24, 1904.

ESTHER S. BUCHANAN, ETC.,
VS.
WILSON C. BUCHANAN ET AL.

*Taylor & Keech* for plaintiffs.
*Frank P. Clark* for defendants.

DENNIS, J.—

This case is referred back to the auditor to state an account, in accordance with the following principles:

1st. The administratrix is to be allowed no items in the account stated in the Orphans' Court, nor costs for stating said account; but is to be allowed full commissions upon the amount that came into her hands for distribution, under the bill filed in this case, according to the usual rate of allowance to trustees, under the practice of this Court, in such cases, to wit, at the rate of 5 per cent.

(This is upon the theory that, while the fund came to her technically as administratrix, it was nevertheless a fund which she held as quasi-trustee, which could only be distributed in a Court of Equity, and over which the Orphans' Court had no jurisdiction so far as its distribution was concerned.)

2nd. Messrs. Taylor & Keech, attorneys for the plaintiff, are to be allowed a counsel fee of $500, to be charged against the entire fund.

(This is upon the theory that it was *necessary* for the administratrix to come into this Court; that the bill was filed in good faith, and with the frank intention of bringing the entire facts, as then known or deemed material, before the Court, for its direction as to the distribution of the fund, and was, therefore, in the interest of all the distributees.)

While the bill did assert an interest in the plaintiff, in her personal right, which, by the ultimate decision of the Supreme Court was adjudged against her, and while no counsel fee can be charged in her favor against the common fund for services rendered specially in her interest; and while it is difficult to exactly discriminate, in the long litigation, what was properly done for her in her capacity as administrator seeking the direction of this Court as to her duties as such in the administration, and those services which were exerted strictly and entirely in her own personal interest, and therefore, as ultimately determined, adversely to the other distributees; yet, in reviewing the entire record, I am of the opinion that she is fairly entitled to the allowance hereby directed to be made.

While not undertaking to argue out fully the reasons which have led me to this, and the other conclusions, in this memorandum for the auditor, I may still be permitted to remark that when, as in this case, a bill is filed by a trustee—which it is his duty to file in his representative capacity—for the distribution of a fund, which he not only

holds as trustee, but in which he has a *personal interest* as distributee, necessarily antagonistic as to the other, or to some of, the co-distributees, I do not see why he should be refused proper counsel fees for services which have enured to the benefit of *all* the distributees, because in his bill—in which all the facts are fairly stated—he sets forth his own personal claim. Certainly, because of his relation as trustee, he should not be expected to waive his right to contend for his personal interest as a distributee; and if not, how could he, as trustee, ever file a bill which his duty as trustee required, without abandoning all his own property rights? I do not see how, under such circumstances, which are those with which we are now confronted, he could properly perform his duty as trustee, without wholly sacrificing his rights as an individual.

As I have said before, the difficulty in making an allowance for counsel fees in such a case, grows out of the difficulty of severing the services rendered by counsel acting in this dual capacity; it being clear that for services rendered for the benefit of the entire body of distributees, the plaintiff is to be allowed, which for services rendered strictly and solely in her *personal* interest, she is not to be allowed; and the fact that the bill she filed set forth her personal claim, and that she subsequently and continuously contended for it, even though unsuccessfully, should not be a bar to her allowance against the whole fund for such services as were rendered properly by her in her representative capacity for the benefit of the whole fund.

3rd. The claims of Messrs. Machen & Son and Frank P. Clark, are to be allowed, and charged against the entire fund, except the shares of the plaintiff and her brother, and their costs for briefs, etc., in the Supreme Court are to be included in this allowance.

This allowance is made upon the theory that the services of these counsel, by defeating the claim of the plaintiff and brother to take one-third of the whole estate, undoubtedly brought into the common fund for distribution a considerable amount, by which all the distributees as next of kin have been benefitted, and for such services the latter should rateably pay. I do not think the shares of the plaintiff

and her brother, should bear any portion of this charge; for the reason that, although their rights as *next of kin* have been augmented, yet their claim to take as their share one-third of the fund—which would have amounted to considerably more—has been defeated; and, as I have said before, I think they had a perfect right to prosecute their personal claims under this bill even while acting as trustees for the whole fund, and it would be unjust to condemn them to contribute, beyond what they will already under the other items of this memorandum have to contribute as their share of the general expenses, to pay the fees of counsel who have successfully contended against their personal claims, prosecuted fairly and in good faith, and which fees are claimed against them, because, by reason of the services thus adversely rendered, their share was reduced from one-third of the whole fund to a much smaller proportion.

Technically, as *next of kin*, they receive more; but their fairly reasonable contention, under which *they* would have received considerably more than such a share, has been defeated by the ultimate decision of the Court of last resort; and it would be inequitable to compel them to pay any portion of the fees of counsel, whose services were exerted for their overthrow.